IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APRIL KIMBROUGH,

   Plaintiff,

v.

LYLE WEIDNER, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-774-TWT

**OPINION AND ORDER**

This is a negligence action arising from a motor vehicle collision. It is before the Court on the Defendants Lyle Weidner, Quality Carriers, Inc., and Old Republic Insurance Company's Motion to Exclude Plaintiff's Expert Witness [Doc. 67] and Motion for Summary Judgment [Doc. 68]. For the following reasons, the Defendants' Motion to Exclude and Motion for Summary Judgment are DENIED.

**I. Background**

This case arises out of a motor vehicle collision that occurred on March 1, 2016. The Plaintiff April Kimbrough alleges the Defendant Lyle Weidner negligently struck the front of her vehicle while Weidner was changing lanes on Interstate 85 southbound in Franklin County, Georgia.[1] Kimbrough claims that,

---

[1] Defs.' Statement of Undisputed Mat. Facts ¶ 2.

she has suffered disc herniation in the cervical and lumbar spine, as well as general muscle sprains and strains as a result of the collision.[2] Kimbrough filed this lawsuit on March 2, 2017, alleging claims of negligence and negligence *per se* against Weidner. Also included in the Complaint were claims against the Defendants Quality Carriers, Inc. and Old Republic Insurance Co.

During discovery, which is now closed, the Defendants requested that Kimbrough disclose all of her experts. Specifically, on April 21, 2017, the Defendants' Interrogatory 20 requested that Kimbrough:

> Please **identify** each expert of every type expected to testify at trial, **INCLUDING WITHOUT LIMITATION TREATING PHYSICIANS AND PRACTITIONERS OF THE HEALING ARTS**, and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. This Interrogatory applied to <u>all</u> expert witnesses of every kind. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in **your** answer to this Interrogatory.[3]

Kimbrough responded as follows:

> <u>**RESPONSE:**</u> Plaintiff has not retained an expert to testify at the trial of the matter as of the date of Plaintiff's responses to this discovery. Should such an expert be retained in the future, Plaintiff agrees to supplement Plaintiff's response to this discovery. By way of further response, Plaintiff states that Plaintiff's treating physicians, identified herein, may testify at the trial of this matter.

---

[2] *Id.* at ¶ 3.

[3] Defs.' Mot. to Exclude, Ex. A (emphasis in original).

On July 1, 2017, Kimbrough supplemented her original response to Interrogatory 20 in relevant part as follows:

> **SUPPLEMENTAL RESPONSE:** Plaintiff identifies Kamal C. Kabakibou, M.D. (medical doctor associated with Center for Pain Management who provided care and treatment to Plaintiff following the collision) – 3193 Howell Mill Road, Suite 315 Atlanta, GA 30327 (404) 603-9090. Dr. Kabakibou is a physician who provided care and treatment to the Plaintiff following the collision at issue.
>
> Dr. Kabakibou will testify regarding his education, training and experience. Dr. Kabakibou will testify regarding his understanding of the collision at issue. Dr. Kabakibou will testify as to Plaintiff's injuries and damages, and that testimony will include his expert opinions as to diagnosis, prognosis, and causation. Dr. Kabakibou will testify as to the care and treatment he provided to the Plaintiff, the basis of that care and treatment, and the cost of that care and treatment. Dr. Kabakibou will provide testimony that the Plaintiff was injured as a result of the collision at issue, he will discuss the nature of the Plaintiff's injuries, and he will provide testimony that the medical expenses Plaintiff incurred at Center for Pain Management were reasonably related to the care and treatment of injuries caused by the collision. To date, those expenses total $40,320.02, including the physician fee, the facility fee, and the surgery center fee.
>
> Dr. Kabakibou will testify regarding Plaintiff's neck pain, shoulder pain, and back pain, as well as the cause of that pain. Dr. Kabakibou will testify regarding the objective findings found on the MRIs performed on Plaintiff's lumbar spine, as well as on her cervical spine. More specifically, Dr. Kabakibou will testify regarding Plaintiff's disc protrusions/herniations found in Plaintiff's cervical and lumbar spine, as well as facet arthropathy. Dr. Kabakibou will testify regarding his physical exams of the Plaintiff. Dr. Kabakibou will testify regarding procedures administered upon the Plaintiff's cervical and lumbar spine so as to aid in pain relief, including physical therapy, facet injections, and Radiofrequency Thermo-

coagulation. Dr. Kabakibou will discuss the effect of these procedures on the Plaintiff. Dr. Kabakibou will also discuss options available to the Plaintiff in the future, including without limitation additional facet injections, Radiofrequency Thermocoagulation, and surgery (L4-5 ALIF). Dr. Chappuis[4] will discuss the estimated costs of additional facet injections, and Radiofrequency Thermocoagulation. Dr. Kabakibou will discuss the frequency of those procedures. Dr. Kabakibou will testify that the injuries identified herein, the treatment thereof, and the costs associated therewith are the result of the motor vehicle collision at issue. Dr. Kabakibou will testify that the medical bills are reasonable in the medical profession.

Dr. Kabakibou's opinions will be stated within a reasonable degree of medical certainty.

During his testimony, Dr. Kabakibou will rely upon the Plaintiff's medical history, statements provided by the Plaintiff to him, as well as other medical records generated during the course of Plaintiff's treatment following the collision at issue, including diagnostic imaging studies. Dr. Kabakibou reasonably relies upon those records and imaging studies in the ordinary course of his practice.

For further explanation, Plaintiff incorporates by reference all medical records and bills generated during the course of Plaintiff's treatment with Kabakibou. Said records and bills have been provided to counsel for the Defendants in their entirety.[5]

The Defendants now move to exclude Dr. Kabakibou's testimony on the basis that he was not properly disclosed as an expert witness. The Defendants also move for summary judgment on the grounds that, if Dr. Kabakibou's testimony is excluded, the Plaintiff will have no evidence of causation.

---

[4] Dr. Chappuis was originally identified as an additional witness, but has since been withdrawn by the Plaintiff.

[5] *Id.*, Ex. C.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[6] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[7] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[8] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[9] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."

## III. Discussion

Negligence actions in Georgia require a plaintiff to show (1) that the defendant had a legal duty, (2) that he broke this duty, (3) that the plaintiff was injured, and (4) that the plaintiff's injuries were caused by the defendant's conduct.[10] In this case, the Plaintiff intends to prove the causation element by

---

[6] FED. R. CIV. P. 56(a).

[7] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[10] *Whitehead v. Cuffie*, 185 Ga. App. 351, 352-353 (1987).

calling her treating physician, Dr. Kamal C. Kabakibou, to testify that her injuries were caused by the collision with Weidner's car. The Defendants' motion for summary judgment is entirely dependent on whether they are successful in excluding Dr. Kabakibou's testimony on causation. The Court's decision on the latter issue, therefore, will conclusively determine the motion for summary judgment.

### A. Whether Plaintiff Must Comply With Rule 26(a)(2)(B) Instead

The Defendants first argue that Dr. Kabakibou should be excluded because the Plaintiff did not file the necessary expert report required by Fed. R. Civ. P. 26(a)(2)(B). Rule 26 requires parties to disclose the identity of all potential expert witnesses in advance of trial.[11] A 2010 amendment to this rule added a distinction between two categories of witnesses: those who must provide a written report, and those who do not. Rule 26(a)(2)(B) states that witnesses must provide a written report "if the witness is one retained or specially employed to provide expert testimony in the case . . . ."[12] This definition predates the 2010 amendment.[13] Meanwhile, if an expert witness is not "retained or specially employed to provide expert testimony," then the required disclosure need only state "the subject matter" of their expected testimony, and "a

---

[11] Fed. R. Civ. P. 26(a)(2)(A).

[12] *Id.* at (a)(2)(B).

[13] *See Kondragunta v. Aced Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493 at *11 n.18 (N.D. Ga. Mar. 21, 2013).

summary of the facts and opinions" to which the witness is expected to testify.[14] The foundational question here is whether Dr. Kabakibou has been "retained or specially employed to provide expert testimony" such that the Plaintiff is required to file a Subsection B report, or whether she need only provide the less onerous report described in Subsection C.

There has been remarkably little case law in this Circuit regarding the applicability of these provisions to treating physicians. However, Judge Carnes' opinion in *Kondragunta v. Ace Doran Hauling & Rigging Co.* provides well-reasoned guidance.[15] In that case, Judge Carnes determined that because the phrase "retained or specially employed" existed in Rule 26 prior to the 2010 amendment, cases pre-dating the amendment were salient in interpreting the phrase.[16] After examining the few cases available, both pre- and post-amendment, Judge Carnes held that an expert becomes "retained or specially employed" at the point his opinion becomes "based on facts gathered outside the course of treatment."[17] If, however, "a physician's opinion *regarding causation* or any other matter was formed and based on observations made during the course of treatment, then no Subsection B report is required . . . ."[18] Other

---

[14] Fed. R. Civ. P. 26(a)(2)(C).

[15] 2013 WL 1189493 at *1.

[16] *Id.* at *11.

[17] *Id.* at *12.

[18] *Id.* (emphasis added).

courts, including this one, have since reached similar conclusions.[19] The essential point, therefore, is not necessarily *what* the expert is opining about, but *how* they are reaching that opinion.

Here, Dr. Kabakibou is "more akin to a 'percipient witness' under Rule 26(a)(2)(C) . . . because he has firsthand knowledge of the facts of the case,"[20] and because his opinions are "based on observations made during the course of treatment . . . ."[21] His testimony is based solely "upon the Plaintiff's medical history, statements provided by the Plaintiff to him, as well as other medical records generated during the course of Plaintiff's treatment following the collision at issue . . . ."[22] There is no indication that he intends to rely on anything garnered outside the course of treatment, nor on hypotheticals. As a result, the Plaintiff does not need to file a Subsection B report, but must only comply with the requirements of Subsection C.

---

[19] *See Downey v. Bob's Dis. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) ("In order to give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony."); *Architects Collective v. Pucciano & English, Inc.*, 247 F. Supp. 3d 1322, 1333-34 (N.D. Ga. 2017) (finding expert not subject to Subsection B report in part "because he has firsthand knowledge of the facts of the case"); *Vargas v. Nelms*, No. 1:15-CV-2400-TWT, 2016 WL 4558061 at *2 (N.D. Ga. Sept. 1, 2016) (Thrash, J.) (adopting *Kondragunta*'s reasoning).

[20] *Architects Collective*, 247 F. Supp. 3d at 1333.

[21] *Kondragunta*, 2013 WL 1189493 at *12.

[22] Defs.' Mot. to Exclude, Ex. C.

B.     Sufficiency of Plaintiff's Disclosure Under Rule 26(a)(2)(C)

The Defendants next argue that, even if the Plaintiff does not need to submit a Subsection B report, Dr. Kabakibou's testimony should still be excluded because the Plaintiff's disclosure still does not comply with Subsection C. As discussed above, a Subsection C disclosure need only state "the subject matter" of the expert's expected testimony, and "a summary of the facts and opinions" to which the witness is expected to testify."[23]

Here, the Plaintiff's disclosure clearly describes the subject matter that Dr. Kabakibou will be testifying on, as it states that he will testify regarding the Plaintiff's treatments, her symptoms, the cause of those symptoms, and the cost of treatment. Likewise, the disclosure also clearly states Dr. Kabakibou's opinions on that subject matter, and the facts those opinions are based upon. As such, the Court finds that the Plaintiff's disclosure satisfies Subsection C's requirements.

## IV. Conclusion

For the reasons stated above, the Defendants' Motion to Exclude Plaintiff's Expert Witness [Doc. 67] is DENIED. Consequently, the Defendant's Motion for Summary Judgment [Doc. 68] is likewise DENIED.

---

[23]     *Id.* at (a)(2)(C).

SO ORDERED, this 24 day of July, 2018.


                                                  /s/Thomas W. Thrash
                                                  THOMAS W. THRASH, JR.
                                                  United States District Judge